IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELLI KAYE KINNEY, ID # 1352731,  ) | |
|     Petitioner,  ) | |
| vs.  ) | No. 3:06-CV-1017-B (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**C. Statement of the Case:** On some unspecified date, petitioner pled guilty to a charge of possession of methamphetamine in Cause No. F0335536K. (Pet. Writ of Habeas Corpus (Pet.) at

---

[1] Petitioner, a prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), names Dallas County as respondent. Rule 2(a) of the Rules Governing Section 2254 Cases provides, however, that "the petition must name as respondent the state officer who has custody" of petitioner. Petitioner challenges a conviction that has resulted in her incarceration in the TDCJ-CID, making Nathaniel Quarterman, Director of the TDCJ-CID, the proper respondent. Accordingly, the Court substitutes him as respondent. He has custody of petitioner.

2.)  She later violated terms of her probation.  (*Id.*)  On February 10, 2006, she was sentenced to twenty-four months imprisonment.  (*Id.*)  She did not appeal her conviction or the imposition of her sentence.  (*Id.* at 3.)  She has filed no petition, application, or motion relating to her conviction or parole revocation in state court except for a *pro se* motion for time reduction, a motion for nunc pro tunc, and a motion for placement on community supervision and request for appointment of counsel, each of which were submitted to Dallas County Criminal Court #4.  (*Id.* at 3-4.)  Petitioner concedes that the instant federal petition is the first time she has raised any of her claims to any court.  (*Id.* at 2.)

On June 8, 2006, the Court received the instant federal petition from petitioner.  She complains about (1) "no Louisiana charges"; (2) incarceration for 120 days before transport to Texas; and (3) no credit given for that 120 days.  (*Id.*)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Furthermore, as of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* TEX. GOV'T CODE § 501.0081 (Vernon Supp. 1999). After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring).

In this case, petitioner has presented no claim related to her conviction, sentence, or parole revocation to the Texas Court of Criminal Appeals. Nor has she presented her sentence credit claim through the dispute-resolution process required by TEX. GOV'T CODE § 501.0081. A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust her state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 22nd day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE